LAW OFFICES OF YAN E. SHRAYBERMAN
Yan E. Shrayberman (State Bar #253971)
P. O. Box 506
Fresno, California 93709
Telephone: (559) 779-2315
Email: YanEsq@me.com

Attorney for Defendant

RANDY FLOWERS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

***

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 1:15-cr-01014 AWI |
| Plaintiff, | **DEFENDANTS MOTION TO REVOKE DETENTION ORDER** |
| v. | **Date: June 8, 2015** |
| RANDY FLOWERS | **Time: 10:00 am** |
| Defendant. | **Judge: Honorable Anthony W. Ishii** |

TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 5

STANDARD OF REVIEW ..................................................................................... 6

ARGUMENT ............................................................................................................6

    A. Because There Exists a Combination of Conditions that This Court Can Fashion that Will Reasonably Assure Mr. Flowers' Appearance as Required and the Safety of the Community, the Bail Reform Act Mandates that this Court Release Mr. Flowers Pending Trial. ......................................................................................10

    1. Flowers has Rebutted the § 3142(e)(3) Presumption With Credible Evidence that He Represents Neither a Serious Flight Risk Nor a Danger to the Community. ................................ ...............................................................................................10

    2. Mr. Flowers has Rebutted the § 3142(e)(3) Presumption With Credible Evidence that He Represents Neither a Serious Flight Risk Nora Danger to the Community. ...................................................................................................13

    3. Given the Totality of the Circumstances, the Government Cannot Satisfy Its Heavy Burden of Establishing that There are No Conditions this Court Can Fashion that Will Reasonably Assure Mr. Flowers' Appearance as Required. ........................................................................................................................13

CONCLUSION........................................................................................................ 17

LAW OFFICES OF YAN E. SHRAYBERMAN
2131 Kern Street, Suite 131
Fresno, CALIFORNIA 91724
Telephone: (213)379-2315
Facsimile: (213) 352 -1010

**LAW OFFICES OF YAN E. SHRAYBERMAN**
2131 Kern Street, Suite 131
Fresno, CALIFORNIA 91724
Telephone: (213)379-2315
Facsimile: (213) 352 -1010

# TABLE OF AUTHORITIES

**PAGES**

CASES

*Stack v. Boyle*, 342 U.S. 1, 4 (1951) ................................................................................................... 9

*United States v. Beckett*, 2011 U.S. Dist. LEXIS 49414 (N.D. Cal. 2011) ..................................... 16

*United States v. Bright*, 2009 U.S. Dist. LEXIS 5399 (N.D. Cal. 2009) ........................................ 16

*United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ..................................... 7, 11, 15

*United States v. Conway*, 2011 U.S. Dist. LEXIS 86034 (N.D. Cal. 2011) .................................. 8, 10

*United States v. Dang*, 2013 U.S. Dist. LEXIS 112758 (N.D. Cal. 2013) .................................... 10, 11

*United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986) ............................................................ 13

*United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) .............................................. 7, 8, 9, 10, 13

*United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972) ...................................................... 9

*United States v. Koening*, 912 F. 2d 1190, 1191 (9th Cir. 1990) ..................................................... 6

*United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) ............................................... 9, 15

*United States v. Salerno*, 481 U.S. 739, 751 (1987) ............................................................... 7, 9, 14

*United States v. Sanchez*, 2011 U.S. Dist. LEXIS 22395 (C.D. Cal. 2011) ................................... 16

*United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006) ................................................... 8, 9, 14, 16

*United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) .................................................. 7, 15

LAW OFFICES OF YAN E. SHRAYBERMAN
2131 Kern Street, Suite 131
Fresno, CALIFORNIA 91724
Telephone: (213)379-2315
Facsimile: (213) 352 -1010

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on June 8, 2015 at 10:00 a.m., or as soon thereafter as this matter can be scheduled pursuant to the mandate of 18 U.S.C. § 3145(b) that a motion for revocation "shall be determined promptly" before the Honorable Anthony W. Ishii, defendant RANDY FLOWERS, by and through his counsel of record, will and does hereby move this court for an order revoking the detention order issued on April 1, 2015, pursuant to 18 U.S.C. § 3145(b).

This motion is made pursuant to the United States Constitution; Federal Rules of Criminal Procedure, Rule 12(b)(2); Eastern District of California Local Rule Crim 16-440; and all applicable statutory and case law.

This motion is supported by this Notice of Motion; the Memorandum of Points and Authorities; the attached exhibits; the files and records of this case; and such argument and further law and evidence as may be presented at the time of the hearing.

Dated: May 14, 2015

                                               Respectfully submitted,
                                               /s/ Yan E. Shrayberman
                                               YAN E. SHRAYBERMAN
                                               Attorney for Defendant
                                               RANDY FLOWERS

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

In the Spring of 2014, the FBI and the ATF began conducting a year-long investigation of former Fresno deputy police chief, Keith Foster. As part of the investigation, agents placed wire taps on the phones of Keith Foster and his nephew, Dennis Foster.

On March 25, 2015, a criminal complaint was filed against Keith and Dennis Foster, and four other individuals, including Randy Flowers. Mr. Flowers was arrested without incident at his home. In fact, Mr. Flowers was across the street when the warrant was served and walked across and presented himself to the authorities.

The affidavit supporting the criminal complaint alleges that on December 23, 2014, Keith Foster called Randy Flowers and, based on the agent's interpretation of the call, allegedly told Mr. Flowers that he had " hundred of them things". Based on the agent's interpretation of the call, Mr. Flowers provided Mr. Foster with Mr. Flowers's address.

On April 9, 2015, a 32-count indictment was filed against Keith and Dennis Foster, and five other individuals, including Randy Flowers. Mr. Flowers was charged in 3 counts. The first count (Count 1), charges Mr. Flowers with engaging in a conspiracy with Keith Foster to distribute and possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 846, 841(a)(1). The second count (Count 2), charges Mr. Flowers with distribution of a controlled substance in 21 U.S.C. § 841(a)(1), essentially the same thing as the previous count. Counts three though nine ( Counts 3,4,5,6,7,8,9) charges Mr. Flowers with Possession with intent to distribute Oxycodone on various dates. Finally, Count 10 charges, Mr. Flowers violation of 18 U.S.C. § 922(g)(1), a felon in possession of a firearm. The last count came about as a product of a search of Mr. Flower's home, where the agents recovered the firearms belonging to his wife.

Mr. Flowers entered pleas of not guilty to all the counts on March 27 ,2015. On

LAW OFFICES OF YAN E. SHRAYBERMAN
2131 Kern Street, Suite 131
Fresno, CALIFORNIA 91724
Telephone: (213)379-2315
Facsimile: (213) 352 -1010

April 1, 2015, the initial detention hearing was held in front of Hon. Gary Auston. At the hearing the detention officer recommended a release with conditions, including a third-party custodian, a GPS monitoring and a curfew. The court found that Mr.Flowers was not a flight risk, but found that he was a danger to the community, based on the weapons recovered at the residence. The court ordered him detained.

Under the totality of the circumstances, including the presumption of innocence, Mr. Flowers does not present a danger to the community, and even if the Court were to disagree, there are conditions that can be fashioned that would reasonably assure Mr. Flowers' appearance and the safety of the community -- and Pretrial Services has recommended a possible combination of conditions sufficient to support release under the Bail Reform Act. Accordingly, Mr. Flowers was improperly ordered detained under 18 U.S.C. § 3142, and, pursuant to 18 U.S.C. § 3145(b), he moves this Court for an order revoking the detention order and releasing him on his own recognizance pending trial in this matter.

## II. STANDARD OF REVIEW

A district court reviews de novo a magistrate judge's detention order under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. *United States v. Koening*, 912 F. 2d 1190, 1191 (9th Cir. 1990). The district court is free to consider whatever evidence is presented at the revocation hearing and may hold additional evidentiary hearings if necessary. Id. at 1193. The district court's review of the magistrate's detention order is to be conducted "without deference to the magistrate's factual findings" and "without deference to the magistrate's ultimate conclusion." Id. at 1192-93.

## III. ARGUMENT
**A. Because There Exists a Combination of Conditions that This Court Can Fashion that Will Reasonably Assure Mr. Flowers' Appearance as Required and the Safety of the Community, the Bail Reform Act Mandates that this Court Release Mr. Flowers Pending Trial.**

Mr. Flowers must be released pretrial if there is any condition or combination of conditions that "will reasonably assure [his] appearance . . . as required or . . . the safety of any other person or the community." § 3142(b). See, e.g., *United States v.*

-6-

*Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) ("The Act mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.' 18 U.S.C. § 3142(e)."). The Bail Reform Act requires that this Court first evaluate, based on certain statutorily specified criteria set forth at § 3142(g), whether releasing Mr. Flowers on his own recognizance is sufficient to reasonably assure (1) his appearance as required and (2) the safety of any other person and the community. § 3142(a).

The government has the burden of persuasion.[1] With respect to the first prong of the analysis, the government bears the burden of establishing by a "clear preponderance of the evidence" that Mr. Flowers presents a serious risk of non-appearance, which means that if it is a close call and the evidence cuts both ways -- this Court must find that the government has not met its burden. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). See, e.g., *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ("The Ninth Circuit's 'preponderance of the evidence' standard in pretrial detention matters is more than the usual 'tips the scales slightly' test applied in civil cases. To give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases, applying a 'clear preponderance' test.").

With respect to the second prong of the analysis, the government bears the burden of establishing by clear and convincing evidence that Mr. Flowers represents a future "identified and articulable threat to an individual or the community." *United States v. Salerno*, 481 U.S. 739, 751 (1987). If the government does not establish by a clear preponderance of the evidence that Mr. Flowers presents a serious risk of non-appearance or by clear and convincing evidence that Mr. Flowers presents a particularized future danger, this Court must release Mr. Flowers on his personal recognizance or an unsecured appearance bond. 18 U.S.C. § 3142(b).

If, based on the factors set forth in subsection (g), this Court determines that

---

[1] Despite the Magistrate Austin's finding that Mr. Flowers is not a flight risk, because this hearing is a *denovo* determination on the merits both prongs will be discussed.
[2] Mr. Flowers does have a misdemeanor possession of oxycodone from 2009 in Oregon. In that case he

-7-

LAW OFFICES OF YAN E. SHRAYBERMAN
2131 Kern Street, Suite 131
Fresno, CALIFORNIA 91724
Telephone: (213)379-2315
Facsimile: (213) 352 -1010

the government has satisfied its burden of persuasion with respect to non-appearance or future danger, this Court must release Mr. Flowers subject to the least restrictive additional conditions that will reasonably assure his appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(c).

If the government opposes release, then it (1) bears the burden of establishing by a clear preponderance of the evidence that there are no conditions or combination of conditions that will reasonably assure Mr. Flowers's appearance as required or (2) bears the burden of establishing by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of the community from whatever particularized future danger has been established. Any close call mandates release subject to the proposed conditions.

In other words, the ultimate question is whether there are conditions that can be fashioned -- such as the ones Pretrial has proposed -- that would reasonably assure the individuals appearance and the safety of the community. See, e.g., *Hir*, 517 F.3d at 1091-92 (explaining that even where a defendant poses a danger, the court still must release him if there are a combination of conditions that would reasonable assure the safety of the community); *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006) (cautioning that a district court can only impose conditions on release if they are necessary to address a defendant's demonstrated "heighten risk of misbehaving while on bail"); *United States v. Conway*, 2011 U.S. Dist. LEXIS 86034 (N.D. Cal. 2011) (releasing defendant charged with harboring a minor for use in a commercial sex act notwithstanding his extensive criminal history, lack of steady employment and use of narcotics, because there were conditions the court could fashion given his strong family ties, life long residence in the community and lack of foreign travel that would reasonably assure his appearance and the safety of the community). Notably, "reasonably assure" does not mean "guarantee." See, e.g., *Hir*, 517 F.3d at 1092 n.9 ("Undoubtedly, the safety of the community can be reasonably assured without being absolutely guaranteed . . . . Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress' clear intent

LAW OFFICES OF YAN E. SHRAYBERMAN
2131 Kern Street, Suite 131
Fresno, CALIFORNIA 91724
Telephone: (213)379-2315
Facsimile: (213) 352 -1010

that only a limited number of defendants be subject to pretrial detention.") (internal citation omitted). With respect to establishing that there are absolutely no combinations that this Court can fashion that will reasonably assure Mr. Flowers' appearance and the safety of the community, the government bears a heavy burden. "[F]ederal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. . . Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack v. Boyle*, 342 U.S. 1, 4 (1951).

Upholding the Bail Reform Act, the Supreme Court explained that "in our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755. The Court cautioned that the Bail Reform Act should not be used by the lower courts as "a scattershot attempt to incapacitate those who are merely suspected of these serious crimes." Id. at 741. Accordingly, the Ninth Circuit has repeatedly emphasized that, "only in rare circumstances should release be denied [and] . . . Doubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985); see, e.g., *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972) ("The whole spirit of the Bail Reform Act, 18 U.S.C. § 3146, et seq., is that a defendant facing trial should be released, rather than detained, unless there are strong reasons for not releasing him.").

In other words, only in the rare cases where a judicial officer finds by a clear preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required and/or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, should the officer order the detention of the person before trial. § 3142(e); *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006); *Hir*, 517 F.3d at 1086, 1091-92; *United States v.*

*Dang*, 2013 U.S. Dist. LEXIS 112758 (N.D. Cal. 2013) (observing that while the defendant "poses a certain danger to the community and risk of flight, that is true in just about every case" and "if the mandate that close calls are to be resolved against detention means anything, [the defendant] must be released on the extremely restrictive conditions set by the court").

### 1. Mr. Flowers has Rebutted the § 3142(e)(3) Presumption With Credible Evidence that He Represents Neither a Serious Flight Risk Nor a Danger to the Community.

Pursuant to 18 U.S.C. § 3142(g), this Court must consider the nature and circumstances of the offense charged, including whether the charged offense permits the government to make a motion for detention on the basis of danger and whether the charged offense raises a rebuttable presumption that there are no conditions a court can fashion that would reasonably assure the defendant's appearance and the safety of the community. Because Mr. Flowers is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the government is permitted to move for detention on the basis of danger and there is a rebuttable presumption. 18 U.S.C. § 3142 (e)(3), (f)(1). That said, the presumption is readily rebutted with some credible evidence that the defendant does not pose a serious flight risk and will not pose a danger to the community. *Hir*, 517 F.3d at 1086; *Conway*, 2011 U.S. Dist. 86034 (noting that the rebuttable presumption "is fairly easily met"). The rebuttable presumption merely creates an initial burden of production on the defendant. *Hir*, 517 F.3d at 1086. The burden of persuasion to establish by a clear preponderance of the evidence that an individual poses a serious risk of flight, and by clear and convincing evidence that the defendant poses a particularized future threat to a specific individual or community, remains at all times with the government. Id. If the defendant proffers some credible evidence that he does not pose a serious risk of flight nor a future particularized danger to a specific individual or community, the presumption is rebutted. Id. Once the defendant rebuts the presumption, the burden is on the government to establish that there are absolutely no conditions the Court can fashion that will reasonably assure the defendant's appearance and the safety of

-10-

the community. See, e.g., *Chen*, 820 F. Supp. at 1208 ("The government's burden of proof is not trivial. If the defendant can rebut the statutory presumption, the government must prove that no combination of conditions can reasonably assure the safety of the community and the appearance of the defendant."). Mr. Flowers has readily rebutted the presumption. Indeed, the presumption was not raised as an issue at the detention hearing held in magistrate court. Mr. Flowers is 48 years old. He has lived continuously in the Fresno area throughout his life. He has never lived anywhere else, his travels have been very limited, and he has no passport. His extensive and well known family resides in the Fresno area. He has a job in the Fresno area with a traffic control firm that is working on a High Speed Rail. Mr. Flowers has minor, school-aged children who reside with him and his wife. His wife , Toni Andersen works-full time as a nurse and her ability to provide the children with everyday services like picking them up from school or taking them to after school activities, has been severely hampered by Mr. Flowers' incarceration. Since Mr. Flowers' sudden incarceration, his children are the one who are suffering the most. Their entire way of life has been turned up-side down and they are frequently wondering there their father is and why is he not there for them. Needless to say, the children are the biggest reason Mr. Flowers need to be released. See, e.g., *Dang*, 2013 U.S. Dist. LEXIS 112758, 11-12. ("A defendant's ties to the community that are most significant are the 'sort of family ties from which [a court] . . . can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence.'").

Mr. Flowers is also suffering from extremely high blood pressure and requires particularized medication to keep the blood pressure in control. He has to have constant appointments with his treating physician. Since his time at the Fresno County Jail he has not been seen by a doctor, although he did have a meeting with a nurse. His prescribed medication is still not at the usual dose.

   Mr. Flowers has no history of alcohol or drug abuse. Mr. Flowers has two felony convictions; One from 1989 for possession of cocaine base for sale and another one,

from 1994, for possession of a firearm as a felon.[2] These 20+ year old felony convictions are attenuated and in no way representative of who Mr. Flowers is today.

Today, Mr. Flowers is a full time employee of Statewide Traffic and Safety Inc., a large firm that has recently secured a sub-contract for a high-speed rail. Mr. Flowers has been working a traffic coordinator for some time and he has a reputation of a hard and diligent employee. He has secured reference from the general manager, Cindy Schroeder, who is ready to provide Mr. Flowers with his old position upon release.

In regard to the evidence against Mr. Flowers, the least important consideration for the court to review, from the discovery already disclosed to the defense, the bulk of the evidence is centered around Denis Foster and his associates, as well as Denis' involvement with Keith Foster. Its also important not that of the six indicted co-conspirators in this case, four are on pre trial release. Those include Keith Foster, primary target of this case and the investigation, Jennifer Donabedian, who is closely involved in the marijuana trafficking with Denis Foster, Ricky Reynolds , a primary supplier of marijuana to the Foster marijuana trafficking association and more recently Gabriel Guzman, a co-conspirator who is closely involved with Keith Foster in the heroin distribution, with a pending state sales and distribution case.

Mr. Flowers has presented more that just some credible evidence that he neither presents a risk of non-appearance or a danger to the community; the presumption is rebutted and the burden is on the government to establish that there are absolutely no conditions this Court can fashion that will reasonably assure his appearance and the safety of the community -- a burden the government cannot carry here.

///
///
///
///

---

[2] Mr. Flowers does have a misdemeanor possession of oxycodone from 2009 in Oregon. In that case he could not provide authorities with the valid prescription for oxycodone and accepted responsibility for it. That case was deemed a misdemeanor.

-12-

**2. Given the Totality of the Circumstances, the Government Cannot Satisfy Its Heavy Burden of Establishing that There are No Conditions this Court Can Fashion that Will Reasonably Assure Mr. Flowers' Appearance as Required.**

To carry its burden of persuasion, the government must establish by a clear preponderance of the evidence that there are no conditions this Court can fashion that would reasonably assure Mr. Flowers's presence as required. "The purpose of a Section 3142(e) risk of flight determination is not to detain habitual criminals or deceitful persons; it is to secure the appearance of the accused at trial. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The requirement that the conditions of release should be designed to "reasonably assure" a defendant's appearance should not be read to require guarantees against flight; "the Bail Reform Act contemplates only that a court be able to 'reasonably assure,' rather than guarantee." *Hir*, 517 F.3d at 1092 n.3.

In addition to the exceptionally strong family ties that Mr. Flower has binding him to Fresno, and the fact that he has lived in the area his entire life, never traveled any substantive distance, and does not even have a passport, Mr. Flowers has great job with impeccable record of employment.

Although this is a *denovo* hearing, its important to note that initially the magistrate did find that Mr. Flowers was not a flight risk. The court had, essentially the same information that is it is before the instate court and the Magistrate evaluated the information and found that Mr. Flowers is not flight risk and concentrated his inquiry solely on the danger to the community aspect.

**3. Given the Totality of the Circumstances, the Government Cannot Satisfy Its Heavy Burden of Establishing that There are No Conditions this Court Can Fashion that Will Reasonably Assure the Safety of the Community.**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., limits the power of the court to deny pretrial release to only the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety

of the community or other persons." 1984 Code Cong. & Ad. News at 3189 (emphasis added); see *Salerno*, 481 U.S. at 742 (explaining that the judicial officer who presides over a detention hearing "is not given unbridled discretion in making the detention determination. Congress has specified the considerations relevant to the decision.") The Supreme Court upheld the Bail Reform Act in *United States v. Salerno* because the Act narrowly provides for the pretrial detention of only a narrow subset of particularly dangerous defendants with stringent safeguards to protect the fundamental liberty interest of the innocent, who, given the presumptions of innocence, includes those individuals with pending charges. *United States v. Salerno*, 14 481 U.S. 739, 750-51 (1987); c.f. *Salerno*, 481 U.S. 739, 767 (Marshall, J., dissenting) ("The presumption of innocence protects the innocent; the shortcuts we take with those whom we believe to be guilty injure only those wrongfully accused and, ultimately, ourselves."). Those safeguards were not followed here; if they had been, Mr. Flowers would not have been improperly detained. "The mere fact that the defendant is charged with a crime cannot be used as a basis for a determination of dangerousness." *Scott*, 450 F.3d at 874 n.15. As the Ninth Circuit explained, simply because an individual is charged with committing offenses, given the presumption of innocence, it cannot be presumed based on the pending charges, that the defendant is any more likely than other members of the public to commit offenses in the future. Id. at 874.

> That an individual is charged with a crime cannot, as a constitutional matter, give rise to any inference that he is more likely than any other citizen to commit a crime if he is released from custody. Defendant is, after all, constitutionally presumed to be innocent pending trial, and innocence can only raise an inference of innocence, not of guilt.

*Id*. Concerned that courts might be tempted to detain individuals based on the charges being alleged against them, Congress explicitly reiterated the constitutional presumption of innocence in the Bail Reform Act, mandating that "nothing in [the Bail Reform Act] shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). The "corollary" of the presumption of innocence is

-14-

"that the right to bail should be denied only for the strongest of reasons." *Motamedi*, 767 F.2d at 1407.

In other words, Congress could not have been clearer that when it instructed courts to look at the weight of the evidence against a defendant, it is not for the purpose of determining whether the defendant committed the offense as charged. Indeed, it is impermissible for the court to use proffered evidence at a detention hearing to make a preliminary determination of guilt and detain an individual based on the likelihood that he will be convicted. See, e.g., *Motamedi*, 767 F.2d at 1407 (The Bail Reform Act "neither requires nor permits a pretrial determination that the person is guilty"); *Dang*, 2013 U.S. Dist. LEXIS 112758 (explaining that at a detention hearing the court was not at liberty to presume the conduct alleged constituted criminal conduct).

The weight of the evidence "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." Where, as occurred in the magistrate court, the allegations against the defendant are presumed to be both true and to constitute criminal conduct, the "the court impermissibly makes a preliminary determination of guilt" and unconstitutionally converts pretrial detention into substantive punishment in violation of "the Fifth and Eight Amendment's prohibitions of deprivation of liberty without due process and of excessive bail." *Motamedi*, 767 F.2d at 1403; 1407-08. Because the weight of the evidence when coupled with the presumption of innocence is, as a general rule, not particularly probative of the issues relevant at a detention hearing (risk of nonappearance and specific future danger), the Ninth Circuit has repeatedly emphasized "that the weight of the evidence is the least important of the various factors" at a detention hearing. Id. at 1408; see, e.g., *Townsend*, 897 F.2d at 994 (same). Of course, where, as here, the evidence proffered is weak with respect to establishing all of the elements in the charges alleged, "that becomes an important factor favoring release." *Chen*, 820 F. Supp. at 1207. Mr. Flowers has a very stable family life as a husband and father to his minor children, and he has support from

-15-

his extended family. He has a great paying union job with Statewide Inc. He has two felony convictions that are over 20 years old. He has not substance or alcohol abuse issues.

As numerous cases have stated, the weight of the evidence in the instant case is the least important factor for the court to consider. Moreover, he is presumed innocent in that case, and "innocence can only raise an inference of innocence, not of guilt." *Scott*, 450 F. 3d at 874.

Finally, even if the government were to meet its burden of establishing by clear and convincing evidence that Mr. Flowers presents a danger to the community, it cannot meet its burden of establishing by clear and convincing evidence that the conditions proposed by Pretrial Services are inadequate to reasonably assure the safety of the community, let alone that there are no combination of conditions this Court could fashion that would reasonably assure the safety of the community short of pretrial incarceration. See, e.g., *United States v. Beckett*, 2011 U.S. Dist. LEXIS 49414 (N.D. Cal. 2011) (releasing an individual charged with trafficking methamphetamine based on wire tap evidence, noting that the court's inquiry under § 3142 is not whether the defendant is guilty of the offenses, but whether "considering the factors in section 3142(g) any conditions in section 3142(c) will reasonably assure [the defendant's] appearance and the safety of the community"); *United States v. Sanchez*, 2011 U.S. Dist. LEXIS 22395 (C.D. Cal. 2011) (noting that the government's concerns that the defendant would engage in future methamphetamine trafficking, while legitimate, "do not constitute clear and convincing evidence that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released"); *United States v. Bright*, 2009 U.S. Dist. LEXIS 5399 (N.D. Cal. 2009) (finding that while the government had met its burden of establishing the defendant "would likely sell drugs and arm himself," there were conditions the court could fashion that would reasonably assure the community's safety from this future threat, and thus pretrial detention was not appropriate). Pretrial Services has concluded based on its

individualized assessment of Mr. Flowers, that the safety of the community can be reasonably assured by imposing, among other conditions, the approved third-party custodian, location monitoring, a curfew from 9 p.m. to 6 a.m.. Pretrial Services believes in Mr. Flowers, and is willing to provide him with additional guidance and support as part of his pretrial release. Given the totality of the circumstances, including Mr. Flowers' critical role he has pays in raising his children, his limited criminal history, his lack of significant criminal record in the past 20+ years, his steady and gainful employment history, the reality of the unique facts of this case that raises significant issues about the government's ability to satisfy the elements of the offenses charged even assuming the proffered facts are as the government alleges, and, keeping in mind the presumption of innocence and the fact that it is only the rare case in which a defendant qualifies as a member of the "small but identifiable group of particularly dangerous defendants" for whom detention is appropriate, as well as Pretrial's willingness to make a special investment in Mr. Flowers after interviewing him and assessing his history and characteristics, there are conditions that this Court can fashion that will reasonably assure Mr. Flowers' attendance as required as well as the safety of the community.

## V. CONCLUSION

Because, for the reasons stated above, Mr. Flowers' detention violate 18 U.S.C. § 3142, Mr. Flowers respectfully moves this court, pursuant to 18 U.S.C. § 3145(b), for an order revoking the detention order issued April 1, 2015, and releasing him pursuant to the least restrictive conditions necessary to reasonably assure his appearance as required and the safety of the community as identified by Pretrial Services.

                                                Respectfully submitted:

Dated: May 14, 2015

                                                /s/ Yan E. Shrayberman
                                                YAN E. SHRAYBERMAN
                                                Attorney for Defendant
                                                RANDY FLOWERS